UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NATHANIEL COKER, )
)
    *Petitioner*, )
) No.: 2:14-cv-157
v. ) *Greer/Inman*
)
COCKE COUNTY COURT, )
)
    *Respondent*. )
)

## MEMORANDUM AND ORDER

    Nathaniel J. Coker has filed this *pro se* pretrial petition for a writ of habeas corpus, which is deemed to have been brought under the authority of 28 U.S.C. § 2241, (Doc 1). Petitioner claims that he is being illegally detained and denied access to the courts, that the state prosecutor in his Cocke County, Tennessee criminal court case did not respond to his motion to suppress, that the District Attorney has shown malice against him, that a search, which was conducted by Newport police officers, was arbitrary and lacking in probable cause or consent, that he was arrested without a warrant or probable cause being established, that he was unlawfully questioned, and that he has never threatened or inflicted bodily harm on anyone. For these alleged violations of his constitutional rights, including those guaranteed by the Fourth Amendment, the plaintiff seeks the dismissal of the state criminal charges against him, (Docs. 1, 6, 13, and 14).

    Included in petitioner's submissions is a copy of an affidavit of complaint and a warrant for his arrest on a drug possession charge which, according to the state judicial officer who

issued the warrant on May 12, 2014, was supported by probable cause, (Doc. 13 at 6). Among those filings is also a copy of the order of the Cocke County General Sessions Court, showing that petitioner's motion to suppress was denied on May 19, 2014, by Judge John A. Bell, (*id*. at 7)

As a precondition to the granting of habeas corpus relief, a petitioner must demonstrate, as a matter of comity, that he has exhausted all available avenues of state relief by fairly presenting all claims to the state courts or that resort to state remedies would be useless. 28 U.S.C. § 2254(b) and (c); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). A petitioner has not "exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has presented no information to show that he has raised all his claims in the state court, including presenting them on appeal. Absent this kind of pertinent information, petitioner has not borne his burden of establishing that he has exhausted all available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999) (holding that a claim must be raised before all levels of state court review in order to exhaust it); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (observing that "[a] body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the

2

issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner").

Accordingly, this *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 will be **DENIED WITHOUT PREJUDICE**, based on petitioner's failure to exhaust his available state court remedies.

Finally, after reviewing the claims under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would they find debatable or wrong the Court's conclusion that exhaustion has not been shown. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order of judgment will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
